**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JASPREET SINGH,<br><br>Petitioner,<br><br>v.<br><br>JASON JOHNSON, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03551-MBB |

## **ORDER**

Petitioner Jaspreet Singh petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 2). He asks the Court to order the Government to provide such a hearing or immediately release him. (***Id.*** at p. 13). Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA") or his right to procedural due process, the petition is DENIED.

### **Background**

Petitioner, a citizen of India, allegedly entered the United States illegally in 2024. (**Doc. 1**, p. 5). The Department of Homeland Security ("DHS") allegedly initiated removal proceedings and paroled him into the country under 8 U.S.C. § 1182(d)(5)(A). (***Id.***). Petitioner allegedly filed an application for asylum. (***Id.***). He allegedly received employment authorization and obtained a driver's license. (***Id.*** at pp. 5-6). On November 27, 2025, his parole allegedly expired. (***Id.*** at p. 5). DHS allegedly allowed him to remain in the country. (***Id.***). On July 22, 2026, DHS allegedly re-arrested Petitioner and detained him without bond. (***Id.*** at p. 6). He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending ongoing removal proceedings. (***Id.***); (**Doc. 4**, p. 2).

On September 2, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that his detention may violate the INA. (***Id.*** at pp. 9-11). And He argues that DHS violated his constitutional right to due process when it re-detained him. (***Id.*** at pp. 21-22).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate the INA or his right to procedural due process.

**I. Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).**

Petitioner recognizes that his mandatory detention under Section 1225(b)(2)(A) may be lawful. (**Doc. 1**, p. 8). But he "preserves" argument to the contrary. (***Id.***). Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has

not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "An alien who is paroled . . . shall not be considered to have been admitted." **8 U.S.C. § 1101(a)(13)(B)**. "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134.

Petitioner, an Indian citizen, does not allege that he was admitted to the United States. Neither his parole nor is residence in the United States bestowed admission. *See* **8 U.S.C. § 1101(a)(13)(B)**; ***Sanchez***, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). He acknowledges ongoing removal proceedings. He is present in the United States without having "made lawful entry into the country." *See* ***Avila***, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A). That is true even if DHS initially processed him differently. *See* ***Avila***, 170 F.4th at 1137 (holding that "the mere failure of [DHS]" to initially detain Petitioner under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act" (internal quotation marks omitted)).

Petitioner's asks the Court to order the Government to "lodge the complete administrative record relevant to custody." (**Doc. 1**, p. 13). Petitioner says that record is necessary to refute the Government's anticipated position that he is detained under 8 U.S.C. § 1225(b)(1). (***Id.*** at p. 12). First, Petitioner is responsible for presenting evidence, not the Government. *See* ***Mabry***, 602 F.2d

at 171. Regardless, the Government contends that Petitioner is properly detained under Section 1225(b)(2)(A) and the Court agrees. So his request for record production is moot.

**II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.**

Petitioner argues that DHS was required to provide notice and a hearing before his re-detention. But the Government may detain him pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). The legislative scheme gives the Government broad discretion to revoke parole and detain and alien. *See* **8 U.S.C. § 1182(d)(5)(A).** The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**. And the Government may detain Petitioner under Section 1225(b)(2)(A) because he has not been admitted. *See* **8 U.S.C. § 1225(b)(2)(A)**; ***Avila***, 170 F.4th at 1133-34.

Petitioner cites cases discussing revocation of parole in the criminal context. *See, e.g.*, ***Morrissey v. Brewer***, 408 U.S. 471 (1972). But courts analyze immigration detention differently. *See* ***Demore v. Kim***, 538 U.S. 510, 522 (2003) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" (internal quotation marks omitted)). The Supreme Court held that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." ***Demore***, 538 U.S. at 523. The Eighth Circuit agreed, holding that detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***,

115 F.4th at 933. "These cases leave no room" for the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ***Id.*** Petitioner's procedural due process claim fails because the legislative scheme permits his detention.

**Conclusion**

Petitioner's detention without bond does not violate the INA or his right to due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2026